IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS CADOGAN MCNAUGHT,

     Petitioner,

v.                                                                                      No. 2:26-cv-01577-KG-DLM

MARY DE ANDA-YBARRA, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Carlos Cadogan Mcnaught's Petition for a Writ of Habeas Corpus, Doc. 2, the Government's Response, Doc. 10, and Petitioner's Reply, Doc. 11. For the reasons below, Petitioner's habeas petition is granted.

### I.    Background

Petitioner is alleged to be a citizen or national of Cuba. Doc. 2 at 11. Although the Court could not discern from the record when and where Petitioner entered the United States, he became a lawful permanent resident in or about 1975. *Id.* Following convictions for drug offenses, carrying a concealed firearm, grand theft, and burglary, on November 2, 1993, an immigration judge ordered Petitioner removed to Cuba. *Id.* The order of removal became final on December 1, 1993. *Id.* Immigration and Customs Enforcement ("ICE") released Petitioner from detention three months after the order of removal became final. *Id.*

In November 2000, Petitioner was detained by ICE for approximately three months following his release from the Florida Department of Corrections. *Id.* The record does not indicate any further interaction between Petitioner and ICE until May 17, 2018, when ICE placed Petitioner under an Order of Supervision. *Id.* ICE issued Petitioner a second Order of

1

Supervision on November 5, 2024.  *Id.* at 12.  On November 14, 2025, at a routine check-in, ICE served Petitioner with a Notice of Revocation of his release and detained him.  *Id.*; Doc. 10 at 2. Petitioner remains detained at Otero County Processing Center in Chaparral, New Mexico. Doc. 2 at 1.

Petitioner seeks release from detention, alleging that he has been detained in excess of the six month presumptively reasonable period for removal, and that the Government has failed to demonstrate that his removal is reasonably foreseeable. Doc. 2 at 14.  The Government opposes the petition.  Doc. 10.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

Under the Immigration and Nationality Act ("INA"), when a noncitizen is ordered removed, the Government must execute the removal within a 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2).  As relevant here, the "removal period begins" when the removal order "becomes administratively final."  § 1231(a)(1)(B).

Although the Government may continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see* § 1231(a)(6), it may not detain them "indefinitely."  *Zadvydas*, 533 U.S. at 699.  A six-month detention is presumptively reasonable.  *Id.* at 701.  This presumptively reasonable period does not begin until the noncitizen is detained.  *See Callender v.*

2

*Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017) (stating that the presumptively reasonable period under *Zadvydas* "could not have begun until [the petitioner] was detained by ICE"); *see also Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala. 2011) ("*Zadvydas* time" cannot run "while a petitioner is not in custody"). After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 US. at 701.

Under these principles, Petitioner has met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. *See id*. Petitioner's removal order became final on December 1, 1993. Doc. 2 at 12. Petitioner was detained on November 14, 2025. *Id.* He has been detained for over eight months, well beyond the six-month period deemed presumptively reasonable by the Supreme Court. As Petitioner highlights, the Government has not shown that a third country has agreed to accept Petitioner, nor have they provided evidence of a travel document request, scheduled flight, or a timeline for removal. Doc. 11 at 2.

The Government's assertion that "[t]he steps taken by ERO have proven unsuccessful due to multiple failures to comply during removal efforts" does not persuade the Court that there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Doc. 10-1 at 2. The Government explains that "due to Cuba's political situation, Mexico was a suitable and safe alternative for Petitioner to be removed. Petitioner failed to sign for his removal to Mexico—and removal attempts are ongoing." Doc. 10 at 6. It further asserts that Petitioner "refused to exit the holding room while being present for CVNH (sic) mission and stated he would not be removed to Mexico." Doc. 10-1 at 2. The Court is not persuaded that Petitioner's

refusal to sign the Notice of Removal precludes relief in this case.  Indeed, the Government has not identified any actual, concrete steps it has taken towards removal to either Cuba or Mexico. *But see Abiodun v. Mukasey*, 264 Fed. Appx. 726, 729 (10th Cir. 2008) (holding petitioner's refusal to sign and cooperate with removal efforts demonstrated removal was reasonably foreseeable but for petitioner's lack of participation).  The Government does not state whether Cuba has changed its position with respect to Petitioner, given its prior denial of ICE's removal request.  Nor does the Government provide any information concerning whether Mexico has agreed to accept Petitioner, the typical timeframe for Mexico to process travel document requests, and whether Petitioner's case falls within that range.  Instead, the Government merely asserts that "ICE HQ RIO has been actively working on removal to a third country other than Mexico," but that "there are no updates currently."  Doc. 10-1 at 2.  The Government's assertions are insufficient to demonstrate that there is a significant likelihood of removal in the reasonably foreseeable future.  *See Yan-Ling X. v. Lyons*, 2025 WL 3123793, at * 4 (E.D. Cal.) ("The phrase 'significant likelihood' requires something more than a mere possibility that removal will occur.").

The Government has not demonstrated that Petitioner will be removed in the reasonably foreseeable future and, as a result, Petitioner is entitled to release from custody subject to reasonable conditions of supervision.

## IV.    *Conclusion*

For the reasons above, the Court orders that:

1.  The Petition for Writ of Habeas Corpus, Doc. 2, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral immigration judge under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3. The Government shall file a status report within 10 business days of this Order certifying compliance.

4. Petitioner's Motion for Temporary Restraining Order, Doc. 4, is denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.